# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ANA MARIA VICENTE; GERARDO GONZALEZ; SAMUEL JORDAN; SANDRA VELAZQUEZ; MATEO JORDAN; ADELA VICENTE; NANCY VICENTE, through her next friend, ANA MARIA VICENTE; FRANCISCO VILCHES; ABEL CRUZ; MANUEL MARTINEZ; JORGE PEREZ; RIGOBERTO PEREZ; RODOLFO TORREZ; OCTAVIO PEREZ; JUAN VICENTE; and SARA VASQUEZ, | Case No.: 05-CV-00157-JMR |
| Plaintiffs, | |
| vs. | **ORDER** |
| ROGER BARNETT; BARBARA BARNETT; AND DONALD BARNETT | |
| Defendants. | |

Beginning on February 2, 2009, and concluding on February 17, 2009, a jury trial was held in this matter regarding Plaintiffs' claims of civil rights violations, false imprisonment/false arrest, battery, assault, and intentional infliction of emotional distress. The final verdicts in this case resulted in a mixed judgment.  Judgment was entered in favor of Defendant Roger Barnett as follows:  (1) the jury found against Plaintiffs Ana Maria Vicente, Jorge Perez, Rigoberto Perez, Sara Vasquez, Sandra Velazquez, and Adela Vicente as to the Civil Rights and False Imprisonment/False Arrest claims; (2) the jury found against Plaintiff Ana Maria Vicente as to the Battery claim; and (3) the jury found against Plaintiffs Jorge Perez and Rigoberto Perez as to the Assault and Intentional Infliction of Emotional Distress claims.

The jury found against Defendant Roger Barnett and in favor of Plaintiffs Ana Maria Vicente and Adela Vicente as to the claim of Assault, with compensatory damages of $1,400.00 awarded to each Plaintiff.  The jury found the relative degrees of fault to be 25% for each Plaintiff and 75% for Defendant Roger Barnett.  Second, the jury found in favor of Plaintiffs Sara Vasquez and Sandra Velazquez and against Defendant Roger Barnett as to the claim of Assault, and nominal damages of $1.00 were awarded to each Plaintiff.

The jury found in favor of Plaintiffs Ana Maria Vicente and Adela Vicente and against Defendant Roger Barnett as to the claim of Intentional Infliction of Emotional Distress, with compensatory damages of $7,500.00 awarded to each Plaintiff.  The jury found the relative degrees of fault to be 25% for each Plaintiff and 75% for Defendant Roger Barnett.  Plaintiffs Ana Maria Vicente and Adela Vicente were further awarded punitive damages in the amount of $20,000.00 each.

Finally, the jury found in favor of Plaintiffs Sara Vasquez and Sandra Velazquez and against Defendant Roger Barnett as to the claim of Intentional Infliction of Emotional Distress, with nominal damages of $1.00 awarded to each Plaintiff.  Plaintiffs Sara Vasquez and Sandra Velazquez were further awarded punitive damages in the amount of $10,000.00 each.

The only remaining matters still pending before the Court are Defendants Roger and Barbara Barnett's Motion for Award of Costs (Doc. No. 369), Defendants' Motion for Attorney's Fees and Nontaxable Costs (Doc. No. 368), Plaintiffs' Motion for Award of Taxable Costs (Doc. No. 378), and Plaintiffs' Motion for Review of Clerk's Taxation

of Costs (Doc. No. 404).  A hearing was held on October 13, 2009, during which the Court heard oral argument on these matters, which are now ripe for decision.

**A.     Defendants' Roger and Barbara Barnett's Motion for Award of Costs (Doc. No. 369), Plaintiffs' Motion for Award of Taxable Costs (Doc. No. 378), and Plaintiffs' Motion for Review of Clerk's Taxation of Costs (Doc. No. 404):**

In Defendants Roger and Barbara Barnett's Motion for Award of Costs (Doc. No. 369), Defendants request that they be awarded their costs, and Plaintiffs be denied theirs. In contrast, in Plaintiffs' Motion for Award of Taxable Costs (Doc. No. 378), Plaintiffs claim to be the "prevailing parties" in this case, and seek "reasonable and taxable costs" incurred as part of the prosecution of Plaintiffs' case, specifically in regard to their successful assault and intentional infliction of emotional distress claims.

After these cross-motions for awards of costs were filed, the Clerk of Court, on April 24, 2009, (Doc. 402), awarded $6,089.61 to Defendants, and $5,889.90 to Plaintiffs.  The Clerk further ordered that the award of $6,089.61 be taxed against Plaintiffs, and that the $5,889.90 be taxed against Defendants.  Finally, the Clerk ordered that $807.00 be awarded and taxed specifically for Defendant Donald Barnett against Plaintiffs.

Following the Clerk's award of costs, Plaintiffs filed a Motion for Review of Clerk's Taxation of Costs (Doc. No. 404), in which Plaintiffs objected to specific aspects of the Clerk's award of costs and taxation of those costs.  Plaintiffs further objected that the Clerk had acted prematurely by ordering Plaintiffs to pay costs incurred by Defendant Donald Barnett.

**Analysis**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a

federal statute, these rules, or a *court order* provides otherwise, costs—other than

attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. Pro. 54(d)(1)

(emphasis added).  The "decision to award costs ordinarily resides in the district court,"

and thus the standard of review for decisions regarding the award of costs is abuse of

discretion.  *National Information Services, Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir.

1995).[1]

Specifically, "in the event of a mixed judgment . . . it is within the discretion of a

district court to require each party to bear its own costs."  *Amarel v. Connell*, 102 F.3d

1494, 1523 (9th Cir. 1997) (citing *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir.

1996)).  Notably, in *Testa*, Plaintiff prevailed on the state law claim, while Defendant

prevailed on the federal claim.  *See Testa*, 89 F.3d at 444.  Thus, the outcome in *Testa* is

similar to that in the instant case, in which Plaintiffs prevailed on some of their state law

claims, and Defendants prevailed as to Plaintiffs' federal civil rights claims.

Both sides concede that this Court possesses wide discretion in imposing costs,

including discretion to require each party to bear its own costs.  *See, e.g.* Objection to

---

[1]  The discretion possessed by a Court in reviewing the Clerk's award of costs is so
broad, that even when a party's motion for review of a Clerk's award of costs is untimely,
the failure to file within the time limit is "not jurisdictional, and the Court may [still]
entertain the motion."  *Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 68
F.R.D. 431, 433 n.2 (D.D.C. 1975) (citing *Baum v. United States*, 432 F.2d 85, 86 (5th
Cir. 1970)).

Plaintiffs' Mot. For Award of Taxable Costs at 3 ("If there is a mixed judgment, it is

within the discretion of the Court to require each party to bear its own costs." (citing

*Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996)));  *see also* R/T 10/13/2009, Response

of Ms. Perales ("I think it's just as appropriate to order both sides to either bear their own

costs or to do cross costs awards as is [sic] to make any other type of award.")[2]

Therefore, because the judgment in this case is indisputably a "mixed judgment,"

the most appropriate course—and one which would efficiently resolve all of the

objections presented by both sides to the costs that were awarded and taxed by the Clerk

of Court—is to order each party to bear its own costs.  Accordingly, the Clerk's order of

April 24, 2009 is vacated.  Further, because Defendant Donald Barnett, after the Clerk's

order of April 24, 2009, withdrew his motion for an award of costs (*see* Doc. No. 411),

the Clerk's award of costs to Defendant Donald Barnett in the order of April 24, 2009 is

vacated.

## B.  Defendants' Motion for Attorneys' Fees & Nontaxable Costs (Doc. No. 368)

In their Motion for Attorneys' Fees and Nontaxable Costs (Doc. No. 368),

Defendants request that they be awarded attorneys' fees and nontaxable costs in relation

to the Judgment as a Matter of Law during the trial for the §1981 and §1985(3) claims

against Barbara Barnett, and the §1985(3) claim against Roger Barnett.  Pursuant to 42

U.S.C. §1988, which authorizes a court to allow a reasonable attorney's fee as part of the

costs in any action or proceeding to enforce a provision of sections 1981 and 1985,

---

[2]  Pinpoint cites to the October 13, 2009 hearing are not yet available because no final
transcript has been prepared.  Citations are based upon the court reporter's unedited
realtime notes, and are to the date of the hearing.

Defendants claim that Plaintiffs' lawsuit in regard to Barbara and Roger Barnett was groundless, without foundation, or frivolous.  *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1489 (9th Cir. 1995) ("A prevailing defendant is entitled to attorney's fees under §1988 only when the action is 'groundless, without foundation, frivolous, or unreasonable.'" (citing *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987))).  Defendants also request sanctions against Plaintiffs pursuant to Federal Rule of Civil Procedure 11(c).

Although Judgment as a Matter of Law was granted during the trial in favor of Defendant Barbara Barnett as to all counts, and to Defendant Roger Barnett as to the §1985(3) claim, there is insufficient evidence that Plaintiffs acted frivolously when they *originally* filed these claims against Defendants, nor is there evidence that Plaintiffs lacked *any* factual basis, ground, or foundation with which to bring these claims.  "A prevailing defendant is entitled to attorney's fees under § 1988 *only* when the action is "groundless, without foundation, frivolous, or unreasonable." *Parks*, 51 F.3d at 1489. Defendants' Motion for Attorney's Fees and Nontaxable Costs is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Roger and Barbara Barnett's Motion for Award of Costs (Doc. No. 369) is **DENIED**, Plaintiffs' Motion for Award of Taxable Costs (Doc. No. 378) is **DENIED**, and Plaintiffs' Motion for Review of Clerk's Taxation of Costs (Doc. No. 404) is **DENIED as MOOT**, in light of today's Order.

**IT IS FURTHER ORDERED** that the Clerk's Order of April 24, 2009 (Doc. No. 402) is **REVERSED and VACATED.  Each party shall bear its own costs in this**

matter.  In addition, the award of **$807.50 to Defendant Donald Barnett was in error, and thus the Order of April 24, 2009 is vacated as to the $807.50 awarded to Defendant Donald Barnett.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees & Nontaxable Costs (Doc. No. 368) is **DENIED**.

The Clerk of Court is directed to close this case.

Dated this 6th day of November, 2009.

_____
John M. Roll
Chief United States District Judge